UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _______________

SHARON FINKELSTEIN and
MICHAEL FINKELSTEIN,

Plaintiff,

v.

TARGET CORPORATION,

Defendant.
____________________________________/

**NOTICE OF REMOVAL**

The Defendant, Target Corporation, (hereinafter "TARGET"), by and through its undersigned counsel, hereby files this Notice of Removal in the above-styled cause to the United States District Court, Southern District of Florida, on the following grounds:

1. This cause was originally filed by the Plaintiffs in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, as Case No. 2026-018349-CA-01.

2. This suit is a personal injury and loss civil action in which the Plaintiffs, Sharon Finkelstein and Michael Finkelstein, alleged that the Defendant is liable under a negligence theory for damages suffered by the Plaintiffs.

3. 28 U.S.C. §1332 confers original jurisdiction on the federal courts for all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States."

4. The instant suit is one which the District Court of the United States has original jurisdiction since it involves a controversy exclusively between citizens of different states and the

matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. With respect to the diversity of the parties, Plaintiffs are citizens of Arizona and the Defendant is a citizen of Minnesota.

6. "With respect to the diversity jurisdiction of the federal courts, citizenship has the same meaning as domicile." *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954). "Residence alone is not the equivalent of citizenship, although the place of residence is prima facie the domicile; and citizenship is not necessarily lost by protected absence from home, where the intention to return remains." *Id*.

7. "Courts have acknowledged the usefulness of certain presumptions with respect to a person's domicile." *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003) citing *Mitchell v. United States,* 88 U.S. (21 Wall.) 350, 352, 22 L.Ed. 584 (1874) (listing useful presumptions); *McDonald v. Equitable Life Ins. Co. of Iowa,* 13 F.Supp.2d 1279, 1281 (M.D.Ala.1998).

8. The first presumption is "that the state in which a person resides at any given time is also that person's domicile." *Audi* citing *McDonald,* 13 F.Supp.2d at 1281 (citing *District of Columbia v. Murphy,* 314 U.S. 441, 455, 62 S.Ct. 303, 86 L.Ed. 329 (1941), and *Stine v. Moore,* 213 F.2d 446, 448 (5th Cir.1954)). Second, "once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state." *McDonald,* 13 F.Supp.2d at 1281 (citing *McDougald v. Jenson,* 786 F.2d 1465, 1483 (11th Cir.1986)).

9. "The objective facts bearing on an individual's 'entire course of conduct' determine domicile for diversity jurisdiction purposes." *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001) (citing *Stine*, 213 F.2d at 448).

10. "No single factor is conclusive; instead, the Court looks to the 'totality of evidence.'" *Id.*

11. At all material times Plaintiffs have been domiciled in the State of Arizona. The "presumption" of Plaintiffs' domicile is supported by sources confirming that Plaintiffs reside in the State of Arizona.

12. Before suit was filed, Target received from Plaintiffs' counsel a settlement demand via email correspondence dated August 19, 2026, which states Plaintiffs "Sharon and her husband Mike, both retired, live in Arizona" and shared medical records and bills that referenced a home address for Plaintiff Sharon Finkelstein in Phoenix, Arizona. A redacted[1] copy of the August 19, 2026 email ("Settlement Demand"), with a medical bill referencing the Arizona address is attached hereto as Exhibit A.

13. "Citizenship is equivalent to 'domicile' for the purposes of diversity jurisdiction." *Jakobot v. Am. Airlines, Inc.*, No. 10-61576-CIV, 2011 WL 2457915, at *2 (S.D. Fla. June 20, 2011) (citing *McCormick v. Aderholt,* 293 F.3d 1254, 1257 (11th Cir. 2002)).

14. Therefore, Plaintiffs are domiciled in the State of Arizona and are, accordingly, citizens of Arizona. *Stine, Supra.*

15. At the time that both the Complaint and the Notice of Removal were filed in this

[1] Plaintiffs' counsel produced medical records and bills with the August 19, 2026, Settlement Demand. Target redacted the Settlement Demand and included only a sample from the records that reference Plaintiffs' home address and amount in controversy, which are attached to this Notice. Target redacted these materials and did not attach to this Notice all of the medical records produced by the Plaintiffs to protect the Plaintiffs' privacy rights pursuant to Federal Rule of Civil Procedure 5.2, Section 6 of the CM/ECF Administrative Procedures for the Southern District of Florida, as well as those rules and regulations governed by the Health Insurance Portability and Accountability Act (HIPAA). Unredacted copies of these documents and a complete set of the medical bills and records produced by the Plaintiffs are available for review by the Court upon request.

cause, and at all times material hereto, Target was, and is, a Minnesota corporation with its principal place of business located in Minneapolis, Minnesota.

16. "For purposes of diversity jurisdiction, a corporation is a citizen of both the state where it is incorporated and the state where it has its principal place of business." *Werner v. Busch Entertainment Corp.*, 2006 WL 2644920, at *1 (M.D. Fla. Sept. 14, 2006) (citing *MacGinnitie v. Hobbs Group LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005)).

17. The "nerve center" test is used to determine a corporation's principal place of business when the corporation's physical activities are dispersed across several states. The nerve center test determines a principal place of business by using the location of the corporation's corporate offices or headquarters. *See Hertz Corp. v. Friend,* 130 S. Ct. 1181 (2010). Under the nerve center test, Target's principal place of business is in Minnesota.

18. Target has filed the necessary documents with the Florida Secretary of State to establish that it is a corporation organized under the laws of Minnesota. A certified copy of Target's Certificate of Status issued by the Florida Department of State attesting that Target is a corporation organized under the laws of the State of Minnesota is attached hereto as Exhibit B.

19. The Florida Secretary of State's records, including those public records found online at the Secretary of State's website at www.sunbiz.org such as the 2026 Annual Report of Target Corporation, confirm that Target's principal place of business and principal address are in Minnesota. A copy of Target's 2026 Foreign Profit Corporation Annual Report found online at the Secretary of State's website are attached hereto as Exhibit C.

20. Target's Senior Corporate Counsel, Andrea McAlpine, has personal knowledge regarding Target's operations. Andrea McAlpine's Affidavit, attached hereto as Exhibit D, states *inter alia* that Target's corporate Headquarters and Executive Offices were and are located in

Minneapolis, Minnesota. Andrea McAlpine further attests that Target's managerial and policymaking functions were and are performed from Target's Headquarters in Minnesota. Additionally, Target's corporate books, records, and accounts were and are created and maintained at Target's Headquarters in Minnesota.

21. For purposes of determining jurisdiction under 28 U.S.C. §1332, a corporation is treated as a citizen of any state by which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. §1332(c)(1).

22. Accordingly, Target was and is a Minnesota corporation and is therefore a citizen of Minnesota for the purposes of 28 U.S.C. §1332.

23. Given that Plaintiffs are citizens of Arizona and Target is a citizen of Minnesota, there is the requisite diversity of citizenship between the parties allowing the Court to take jurisdiction over this action pursuant to 28 U.S.C. §1332.

24. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest, costs and attorney's fees.

25. In Plaintiffs' Settlement Demand, Plaintiffs' counsel demanded $325,000 to resolve this matter, an amount exceeding the $75,000 jurisdictional threshold.

26. The Settlement Demand included a link to Plaintiff Sharon Finkelstein's medical bills and records, along with an analysis of her claimed past and future medical treatment and non-economic damages. Specifically, Plaintiffs' counsel represented that "she has undergone multiple courses of physical therapy and has approximately 5 surgical procedures consisting of injection therapy to alleviate her pain to her back and hip." Plaintiffs' counsel further stated that "[h]er doctors have offered her the option of a spinal fusion." Accordingly, the Settlement Demand reflects Plaintiffs' assessment of the value of their claimed damages, supported by medical records

and the recommendations of their medical professionals.

27. Further, Plaintiffs alleged in the Complaint that Plaintiff Sharon Finkelstein suffered the following damages:

> As a direct and proximate result of Defendant Target's negligence, Plaintiff SHARON FINKELSTEIN has suffered: A. Personal injury in and about her body; B. Pain and suffering; C. Disability; D. Significant permanent disfigurement; E. Mental anguish; F. Loss of capacity for the enjoyment of life; G. Medical expenses, past and future, for the care and treatment of his injuries; other expenses for care during his convalescence; H. Expense of hospitalization; and I. Aggravation of a pre-existing injury, if any.

A copy of the Complaint is attached as Exhibit E.

28. Plaintiffs further alleged in the Complaint that Plaintiff Michael Finkelstein "has suffered and will continue to suffer loss of consortium[.]"

29. Plaintiffs' allegations of significant permanent disfigurement, disability, past and future medical expenses, pain and suffering, mental anguish, loss of enjoyment of life, and loss of consortium further support that this matter surpasses this Court's $75,000 jurisdictional threshold. S*ee Hickerson v. Enterprise Leasing Co. of Ga., LLC*, 818 Fed. App'x 880, 883-84 (11th Cir. 2020) (noting damages in excess of the jurisdictional threshold can be inferred from the nature and extent of the plaintiff's injuries).

30. Target has established that the amount in controversy is above the $75,000 jurisdictional threshold, as evidenced by Plaintiffs' Settlement Demand. The amount in controversy is further supported by Plaintiff Sharon Finkelstein's claimed damages for past medical treatment, future medical care and costs, past and future pain and suffering, in addition to Plaintiff Michael Finkelstein's claimed loss of consortium damages as alleged in the Complaint.

31. This Notice is timely filed. The removal of this cause is authorized by the provisions of 28 U.S.C. §1441(b). Taking into consideration the Settlement Demand received pre-suit, the

case became removable on September 15, 2026, by Target's receipt of the Complaint, at which time it was first ascertained that the case is one which is, or has become, removable because the requisite amount in controversy was established. 28 U.S. C. § 1446(b)*; See Field v. Nat'l Life Ins. Co.*, 2001 WL 77101 (M.D. Fla. 2001).

32. Accordingly, Target has established the requisite diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.

33. Written notice of the filing of the Notice of Removal, on this date, has been given to Plaintiffs through their attorney. A copy of this Notice has, on this date, been filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

34. A copy of all process, pleadings, and papers served and filed in the aforementioned state court action, which are not attached as other Exhibits to this Notice of Removal, is attached to this Notice of Removal as Exhibit F.

WHEREFORE, the Defendant, TARGET CORPORATION, requests that this Court assume jurisdiction of this case and approve the Notice of Removal.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 15th day of October 2026, I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Southern District of Florida, by using the CM/ECF system and served by email to: John E. Hughes, III, Esq., and David M. McDonald, Esq., McLuskey, McDonald & Hughes, P.A., The Barrister Building 8821 S.W. 69th Court Miami, FL 33156, eservice@mmlawmiami.com, jhughes@mmlawmiami.com, dmcdonald@mmlawmiami.com, smoncada@mmlawmiami.com, aperez@mmlawmiami.com.

CLARKE SILVERGLATE, P.A.
*Attorneys for Target Corporation*

By: */s/ Shawn Y. Libman*
Shawn Y. Libman
Fla. Bar No. 10544
Megan Thermes
Fla. Bar No. 1058575
5301 Blue Lagoon Drive, Suite 900
Miami, Florida 33126
Phone: 305/377-0700
Fax: 305/377-3001
slibman@cspalaw.com
lyun@cspalaw.com
mthermes@cspalaw.com
kguerrero@cspalaw.com